NUMBER 13-10-00637-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

ARTURO SAMUEL TREVINO
& LEXINGTON 

NATIONAL INSURANCE
CO. D/B/A EL PADRINO 

BAIL BONDS,                                                                              Appellants,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.


____________________________________________________________

 

                           On
appeal from the 404th District Court 

                                      of
Cameron County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

                     Before Justices
Benavides, Vela, and Perkes

Memorandum Opinion
Per Curiam

 








Appellants,
Arturo Samuel Trevino & Lexington National Insurance Co. d/b/a El Padrino
Bail Bonds, perfected an appeal from a judgment entered by the 404th District
Court of Cameron County, Texas, in cause number 2010-01-27-G.  Because this
case is a criminal matter, the Clerk of the Court has assigned it a “CR”
designation.   However, this appeal is governed by the same procedural rules
which govern civil appeals.  Tex. Code
Crim. Proc. Ann. art. 44.44 (Vernon 1979).

The parties
to this appeal have filed a “Joint Motion to Dispose of Appeal” under Texas
Rule of Appellate Procedure 42.1(a)(2)(A).  The parties request that this Court
vacate the trial court’s judgment without regards to the merits and render
judgment in accordance with the agreement of the parties.

The Court
has considered the motion and it is the Court’s opinion that the motion should
be granted in part and denied in part.[1]
 Accordingly, without regard to the merits, we vacate the judgment as to
appellants and remand the case to the trial court for rendition of judgment in
accordance with the parties’ settlement agreement.  See Tex. R. App. P. 42.1(a)(2)(B);
43.2(d).  

 

PER
CURIAM

Do not publish.  See Tex.R.App.P. 47.2(b).

 

Delivered and filed the

23rd day of June, 2011. 

 









[1]Rule 42.1(a)(2) permits the Court
to render judgment effectuating the parties’ agreements or to vacate the
trial court’s judgment and remand the case to the trial court for rendition of
judgment in accordance with the agreement; we cannot do both.  See Tex. R. App. P. 42.1(a)(2)(A), (B).